BISCOE (BLAKELEY v.). See Case No. 18,239.

## Case No. 18,238.

### BLAGDEN v. BROADRUP.

[2 Hayw. & H. 278.] [1]

Circuit Court, District of Columbia. May 5, 1857.

CERTIORARI—REMEDY FOR WRIT IMPROPERLY ISSUED.

Where a case has been improperly taken out of the hands of a magistrate through a writ of certiorari, on a motion presented to the court by way of a writ of error cum nobis, the court will issue a writ of procedendo.

This was a case of certiorari issued to two justices of the peace, J. D. Clark and Z. K. Offutt, to bring up the proceedings then before them in a case of forcible entry and detainer [by Thomas Blagden against George Broadrup]. After the case was thus brought up before the circuit court an improper rule to declare was laid by the plaintiff in the certiorari, and by virtue of said rule the case went off the docket as non-prossed at the last term of the court. A motion was made by the defendant's counsel to have the case restored to the docket, with a view to having the writ of certiorari quashed. The court refused the motion.

Mr. Jones moved the court to issue a writ of procedendo to the magistrates to proceed with the case where it was left off at the hearing of the certiorari, contending that as the case had been improperly taken out of the hands of the magistrates at a stage of the proceedings when it was exclusively within their jurisdiction, it ought to go back to them by the same authority by which it was taken from them, and a writ of procedendo was the only appropriate remedy in such a case, insisted that the defendant had an indefeasible right to such writ.

W. S. Cox, for petitioner.
Charles Lee Jones, for defendant.

The following cases were cited by the counsel for the petitioner: U. S. v. Smith

[Case No. 16,324]; Sherburne v. King [Id. 12,759]; McCormick v. Magruder [Id. 8,723]; Union Bank v. Crittenden [Id. 14,354]; Ault v. Elliot [Id. 655]; Ringgold v. Elliot [Id. 11,-804].

The court will set aside a judgment on putting the plaintiff in as good a condition. Strange, 823.

THE COURT decided that the case had been improperly taken out of the hands of the magistrates, and that they would issue the procedendo, but requested the motion might be presented to them by way of a writ of error cum nobis.